IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, AT DAYTON

| | |
|---|---|
| IN RE: JERRY WAYNE OAKES | CASE NO: 13-33828 |
| JENNIFER ANN OAKES | CHAPTER 7 |
| Debtors | JUDGE WALTER |

_____

DONALD F. HARKER, III
CHAPTER 7 BANKRUPTCY TRUSTEE     ADV. CASE NO. 14-3014
2135 MIAMISBURG-CENTERVILLE RD.
CENTERVILLE, OHIO 45459

    Plaintiff vs.

PNC MORTGAGE COMPANY,A DIVISION
OF PNC BANK,N.A., SUCCESSOR IN
INTEREST BY MERGER TO NATIONAL
CITY BANK
3232 NEWMARK DR.
MIAMISBURG, OH 45342

    Defendant.
_____

<u>AMENDED COMPLAINT OF TRUSTEE TO AVOID AND RECOVER/PRESERVE PURPORTED MORTGAGE LIEN AS TO DEBTOR'S REAL PROPERTY AT 41 NOELLE COURT, FRANKLIN, OHIO, PURSUANT TO 11 U.S.C. §§541, 544, 547, 550 AND 551, INCORPORATING O.R.C. §5301.01; OR IN THE ALTERNATIVE FOR DECLARATORY JUDGMENT FINDING THAT DEFENDANT'S PURPORTED MORTGAGE LIEN IS SUBORDINATED TO PLAINTIFF'S JUDICIAL LIEN; AND FOR QUIET TITLE; AND TO DISALLOW ANY AND ALL PROOFS OF CLAIMS FILED OR TO BE FILED BY DEFENDANT</u>

    Now comes Donald F. Harker, III, the duly appointed and acting Chapter 7 Trustee ("Plaintiff" or "Trustee") of the Debtors herein, by and through counsel, and pursuant to Rule 7001, of the Federal Rules of Bankruptcy Procedure, hereby brings this Complaint against PNC Mortgage Company (hereinafter referred to as "Defendant") and states and avers as follows:

## BACKGROUND OF THE CONTROVERSY

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334. This adversary proceeding arises under Title 11 of the United States Code and arises in or is related to the above-captioned Chapter 7 case now pending before the United States Bankruptcy Court for the Southern District of Ohio, Western Division at Dayton, and has been referred to this Court by the Standing Order of Reference entered in this District on July 30, 2984 pursuant to 28 U.S.C. §157. This is alleged to be a core proceeding, inter alia, pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F), (H), (K) and (O).

2. Defendant herein is subject to the personal jurisdiction of this Court, and venue lies with the Court pursuant to 28 U.S.C. §1409.

3. Debtors Jerry Wayne and Jennifer Ann Oakes filed a Chapter 7 bankruptcy petition on September 17, 2013 ("Petition Date"). The Debtors scheduled an interest in real property located at 41 Noelle Court, Franklin, Ohio (the "Property") valued at One-Hundred Sixty Thousand Dollars ($160,000.00).

4. The Debtors acquired title to the Property by a deed dated May 15, 2002 and filed with the Warren County, Ohio Recorder at Book 2546 Page 418. Attached hereto and marked Exhibit "A" is a copy of the Deed.

5. Upon information and belief, Defendant is the holder of a purported first mortgage lien on the Property owned by the Debtors.

6. Plaintiff, Donald F. Harker, III, Trustee is the duly appointed and acting Chapter 7 Bankruptcy Trustee of the Debtors and has standing to bring this proceeding pursuant to 11 U.S.C. §§541, 544, 547, 550 and/or 551.

7. On or about May 30, 2003, the Defendant filed with the Recorder of Warren County, Ohio a document purporting to be a mortgage lien against the Property in order to secure the sum of $144,000.00 (the "Purported Mortgage"). A true and accurate copy of the Purported Mortgage is attached hereto as Exhibit "B".

8. The Purported Mortgage was not executed in conformity with the laws of the State of Ohio; OHIO REV. CODE §§ 5301.01 et seq. in that the same was not properly acknowledged before a Notary Public, pursuant to the Uniform Recognition of Acknowledgment Acts (including Sections 147.51 through 147.58 of the Ohio Revised Code.) Specifically, the acknowledgment clause of the Purported Mortgage does not acknowledge the signature of the Debtors and the acknowledgment is, therefore, defective.

## FIRST CAUSE OF ACTION - AVOIDANCE PURSUANT TO 11 U.S.C. §544(a), INCORPORATING O.R.C. §5301.01

9. Plaintiff realleges and incorporates Paragraphs 1 through 8 as if fully rewritten herein.

10. The Plaintiff, Trustee in Bankruptcy, has as of the commencement of the case and pursuant to the provisions of 11 U.S.C. §544(a)(1), the rights and powers of, or may avoid any transfer of property of the debtor that is avoidable by "a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists."

11. The Purported Mortgage referred to above was not entitled to record under the laws of the State of Ohio as relates to the Property due to lack of a proper acknowledgment, and the Purported Mortgage is therefore subject to avoidance as related to the Property by the Plaintiff under the provision of 11 U.S.C.§544(a)(1), Ohio Rev. Code §5301.01, and the laws of the State of Ohio.

12. In order for the Purported Mortgage to be entitled to record - and to, therefore, be valid as against the Trustee in his capacity as judicial lienholder pursuant to 11 U.S.C. §544(a)(1) - the Purported Mortgage must comply with the formalities required by Ohio Revised Code of a mortgage, specifically including the formalities required by Section 5301.01 of the Ohio Revised Code.

13. Section 5301.01 of the Ohio Revised Code requires that the mortgage be:

   a. signed by the grantor;

   b. such signature must be acknowledged by the grantor in front of a qualifying individual, most commonly a notary public; and

   c. the qualifying individual must certify the acknowledgment of the grantor.

14. The acknowledgment in the Purported Mortgage fails to satisfy the requirements of Ohio Revised Code Section 5301.01 and the Uniform Recognition of Acknowledgment Acts (including Sections 147.51 through 147.58 of the Ohio Revised Code), as it fails to certify the Debtors' signatures by a qualified individual in the acknowledgment clause and does not demonstrate on its face that the Debtors' signatures were acknowledged in front of a qualifying individual.

15. The acknowledgment in the Purported Mortgage does not substantially comply with the requirements of an acknowledgment within the meaning of Section 5301.01 of the Ohio Revised Code or any other section thereof.

16. As a direct and proximate result of the foregoing, Plaintiff is entitled to judgment by this Court avoiding the Purported Mortgage as related to the Property, including any right, title or interest of the Defendant in the Property, preserving the priority of same and recovering any proceeds of the sale of the Property in such priority position for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §§ 544, 550 and 551 and O.R.C. §5301.01.

## SECOND CAUSE OF ACTION - AVOIDANCE PURSUANT TO 11 U.S.C. §547

17. Plaintiff re-alleges and incorporates Paragraphs 1 through 16 as if fully rewritten herein.

18. Upon information and belief, the Defendant was at the time of the recording of the Purported Mortgage and on the Petition Date, a creditor of the Debtors.

19. The grant by the Debtors of the Purported Mortgage to the Defendant was a "transfer" as that term is defined in 11 U.S.C. §101(54).

20. The lack of proper acknowledgment of the Debtors' signature on the Purported Mortgage rendered their recording ineffective as to the Property under the provisions of O.R.C. §§147.53, 147.54, 147.541, 147.55 and 5301.01 et seq., and the laws of the State of Ohio; and therefore, pursuant to 11 U.S.C. § 547(e)(2)(C) the transfer to the Defendant is deemed to have been made immediately preceding the date of the filing of the Petition Date, and therefore within the ninety (90) day preference period.

21. The transfer of the lien pursuant to the Purported Mortgage described above was on account of an antecedent debt owed by the Debtors to the Defendant before the transfer was made, and the effect of such transfer was to enable the Defendant to receive more than said Defendant would receive if the transfer had not been made and the Defendant was to receive payment of the debt to the extent provided in a Chapter 7 bankruptcy case.

22. The transfer was not exempt from avoidance under any of the provisions of 11 U.S.C. §546 or §547.

23. As a direct and proximate result of the foregoing, Plaintiff is entitled to judgment by this Court avoiding the Purported Mortgage as it relates to the Property, including any right, title or interest of the Defendant in the Property, preserving the priority of the Purported Mortgage, and recovering any proceeds of the sale of the Property in such priority position for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §§547, 550 and 551 and O.R.C. §5301.25.

## THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT

24. Plaintiff realleges and incorporates Paragraphs 1 through 23 as if fully rewritten herein.

25. Pursuant to 11 U.S.C. §544(a)(1), the Plaintiff has a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

26. Defendant's Purported Mortgage was not entitled to record under O.R.C. §5301.01. Plaintiff is entitled to avoid the Purported Motion as set forth in the first two causes of action herein. However, in the alternative, Plaintiff is entitled to Declaratory Judgment against Defendant declaring that:

    a.    Plaintiff has a first and best priority lien under 11 U.S.C. §544(a)(1) that is against the Property, which Trustee's lien is superior to Defendant's Purported Mortgage lien that is defective and not entitled to record; and

    b.    Defendant's Purported Mortgage is subordinate to Plaintiff's judicial lien under 11 U.S.C. §544(a)(1); and

    c.    the Property is property that the Trustee can use and sell pursuant to 11 U.S.C. §§541 and 363.

### FOURTH CAUSE OF ACTION – QUIET TITLE PURSUANT TO O.R.C. § 5303.01

27. Plaintiff realleges and incorporates paragraphs 1 through 26 as if fully rewritten herein.

28. The interest of the Debtors in the Property is property of the bankruptcy estate within the meaning of 11 U.S.C. §541.

29. On the Petition Date, a search of the Recorder's Office records would have shown: 1) the Purported Mortgage does not encumber the Debtors' interest in the Property because it fails to meet the requirements of the Ohio Revised Code Section 5301.01; 2) the Debtors granted a defective Purported Mortgage to the Defendant; 3) the Purported Mortgage should not have been recorded because it was not properly executed; 4) the Debtors are the sole owners of the Property; and 5) therefore, the Debtors' interest in the Property is wholly encumbered.

30. The Trustee owns the interest of a hypothetical judicial lienholder in the Property.

31. The Trustee, in his capacity as judicial lienholder, brings the instant cause of action to quiet title to the Property pursuant to 11 U.S.C §544(a)(1) and the Ohio Revised Code Section 5303.01.

32. The Purported Mortgage on the Property was not properly perfected because it did not conform with the requirements of Ohio Revised Code Section 5301.01(A).

33. The Defendant claims an interest in the Property that is adverse to the Trustee's interest and has clouded the legal title of the Property by recording the Purported Mortgage, which purports to encumber the entirety of the Property, but does not.

34. The Trustee, in his capacity as judicial lienholder, is entitled to have the claim made by the Defendant to the legal title of the Property quieted.

### FIFTH CAUSE OF ACTION - OBJECTION TO ANY AND ALL PROOFS OF CLAIM FILED OR TO BE FILED BY DEFENDANT

35. Plaintiff re-alleges and incorporates Paragraphs 1 through 34 as if fully rewritten herein.

36. Based on the foregoing, Plaintiff objects, pursuant to 11 U.S.C. §502 and Rules 3007, 7001 and 9014 of the Federal Rules of Bankruptcy Procedure, to any and all proofs of claim filed or to be filed by the Defendant and asks the Court to disallow same. As used herein the term "Claim" shall include without limitation, both pre and post-petition claims of the Defendant, including any claimed administrative expense payable pursuant to 11 U.S.C. §503.

37. Alternatively, based on the foregoing, Plaintiff hereby requests that this Court disallow any and all claims whatsoever of the Defendant unless and until Defendant returns all monies or other property due to Plaintiff, as provided by 11 U.S.C. §502.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, based upon the foregoing Paragraphs 1 through 37 demands judgment against Defendant on its claims for relief as follows:

A. On the First Cause of Action, for an Order determining that the Purported Mortgage granted to Defendant as relates to the Property is unenforceable and/or subordinated as to such interest against the Trustee as a hypothetical judgment creditor as of the Petition Date and that the Trustee may, therefore, avoid the Purported Mortgage to the extent it purports to encumber the Property and recovering and preserving for the bankruptcy estate the amount and priority of the Purported Mortgage pursuant to 11 U.S.C. §§544(a)(1), 550 and 551; and

B. On the Second Cause of Action, for an Order pursuant to 11 U.S.C. §547 avoiding the transfer to the Purported Mortgage as relates to the Property and recovering and/or preserving for the bankruptcy estate the amount and priority of the Purported Mortgage as relates to the Property pursuant to 11 U.S.C. §§ 547, 550, and 551; and

C. On the Third Cause of Action, for an Order declaring that (1.) Plaintiff has a first and best priority lien under 11 U.S.C. §544(a)(1) that is against the Property, which Trustee's lien is superior to Defendant's Purported Mortgage lien that is defective and not entitled to record, (2.) Defendant's Purported Mortgage is subordinate to Plaintiff's judicial lien under 11 U.S.C. §544(a)(1), and (3.) the Property is property that the Trustee can use and sell pursuant to 11 U.S.C. §§541 and 363; and

D. On the Fourth Cause of Action, for an Order quieting the title to the Property, and finding that the Purported Mortgage is void (but preserved for the benefit of the estate pursuant to 11 U.S.C. §551) and/or subordinated to the Trustee's interest, to the extent that it purports to encumber the interest in the Property titled in the Debtors' names, and/or to the extent that it purports to be superior to the Trustee's judicial lien, pursuant to O.R.C. §5303.01 and 11 U.S.C. §§544, 550 and 551; and

E. On the Fifth Cause of Action, for an Order pursuant to 11 U.S.C.§502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure disallowing in full any and all claims of Defendant whatsoever, filed or unfiled, until the Defendant has returned to the estate all property avoided pursuant to 11 U.S.C. §544 and/or 547; and

F. For such other and further relief as may be proper and necessary.

    */s/ John Paul Rieser*
John Paul Rieser, Esq. (0017850)
Case Attorney for Donald F. Harker, III,
Trustee/ Plaintiff
Rieser & Marx LLC, Of Counsel
7925 Graceland Street
Dayton, Ohio 45459-3834
Tel: 937/224-4128 Fax: 937/224-3090
e-Mail: attyecfdesk@riesermarx.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing <u>AMENDED COMPLAINT OF TRUSTEE TO AVOID AND RECOVER/PRESERVE PURPORTED MORTGAGE LIEN AS TO DEBTOR'S REAL PROPERTY AT 41 NOELLE COURT, FRANKLIN, OHIO, PURSUANT TO 11 U.S.C. §§541, 544, 547, 550 AND 551, INCORPORATING O.R.C. §5301.01; OR IN THE ALTERNATIVE FOR DECLARATORY JUDGMENT FINDING THAT DEFENDANT'S PURPORTED MORTGAGE LIEN IS SUBORDINATED TO PLAINTIFF'S JUDICIAL LIEN; AND FOR QUIET TITLE; AND TO DISALLOW ANY AND ALL PROOFS OF CLAIMS FILED OR TO BE FILED BY DEFENDANT</u> was served by the Court's electronic ECF noticing system, upon the following this 8th day of July, 2016:

Amelia A Bower abower@plunkettcooney.com, dstogner@plunkettcooney.com;bkennedy@plunkettcooney.com

Donald F Harker dharkerlaw@gmail.com, oh26@ecfcbis.com

*/s/ John Paul Rieser*
_____
John Paul Rieser, Esq.
[smw/112]